| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Mar  9 2011  9:27AM MST<br>Filing ID: 36365395<br>Review Clerk: Rafaelita M Almazan |
| **Plaintiff(s):**  Carnation Building Services, Inc.<br><br>v.  | ▲ COURT USE ONLY ▲ |
| **Defendant(s):**  City and County of Denver, Department of Aviation, Kim Day, Ruth Rodriguez, April Henderson, In All Capacities, and Service Employees International Union, Local 105 | Case Number:  2010CV3923<br><br>Division: 424 |
| **COURT ORDER**<br>**(Re: Defendant Service Employee International Union Local 105's Motion to Dismiss First Amended Complaint)** | |

**THIS MATTER** is before the Court pursuant to Defendant Service Employee International Union Local 105's Motion to Dismiss First Amended Complaint. The Court has reviewed the Motion, Response, Reply, case file and applicable statutory and case law. In consideration thereof, the Court makes the following findings and orders:

### STANDARD OR REVIEW

Motions to dismiss pursuant to C.R.C.P. 12(b)(5) are looked upon with disfavor and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Verrier v. Colo. Dept. of Corr.*, 77 P.3d 875 (Colo. App. 2003).  In ruling on a motion to dismiss for failure to state a claim pursuant to C.R.C.P. 12(b)(5), the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff is entitled to relief.  The complaint is sufficient if relief could be granted under such circumstances. *W.O. Brisben Co., Inc. v. Krystkowiak*, 66 P.3d 133 (Colo. App. 2002).

### FACTS

Plaintiff alleges that it entered into a contract with the City and County of Denver ("Denver") to provide window cleaning services and upon entering into the contract, Service Employees International Union, Local 105 (the "Union") requested that the Plaintiff sign a Responsible Contractor Agreement ("Agreement").  The Plaintiff refused to sign the Agreement.  The Plaintiff alleges that on April 21, 2008 Denver notified the Plaintiff that it was the successful bidder for the window cleaning contract.  Following this, Plaintiff alleges that Union commenced a campaign to harass and destroy the Plaintiff by filling various charges with the Labor Relations Board.  Plaintiff also alleges

the Union had a meeting with the Aviation Manager and less than a week after this meeting Plaintiff received notification that Denver had rescinded the contract for window cleaning services.

## ANALYSIS

Plaintiff brings three claims against the Union: Negligent Interference with a Contractual Relationship, Intentional Interference with Prospective Economic Advantage and Civil Conspiracy and/or Concert of Action.  The issue before the Court is whether each of the Plaintiff's claims are preempted by federal law because the conduct is regulated by the National Labor Relations Act, 29 U.S.C. §151 *et seq*, and therefore should be dismissed.

In *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244 (1959) the Supreme Court held that in cases where conduct is regulated by the National Labor Relations Board, state action is preempted.  The Court reasoned "Congress has entrusted administration of the labor policy for the Nation to a centralized administrative agency, armed with its own procedures, and equipped with its specialized knowledge and cumulative experience." *Id.* at 242.  Specifically, "[w]hen an activity is arguably subject to §7 or §8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Id.* at 245.  The critical inquiry is not whether the state is enforcing a law relating specifically to labor relations or one of general applicability, but "whether the controversy presented to the state court is identical to or different from that which could have been, but was not, presented to the Labor Board." *Sears, Roebuck, and Co. v. San Diego Cnty. Dist. Council of Carpenters,* 436 U.S. 180, 197 (1978).

Because of federalism concerns, *Garmin* established two exceptions to the preemption rule: (1) when the activity regulated was merely a peripheral concern of the National Labor Relations Act, and (2) where the regulated activity was of great local concern. *Garmon*, 359 U.S. at 243-44.

### 29 U.S.C. §158 ANALYSIS

§8 of the National Labor Relations Act is codified under 29 U.S.C. §158.  The Defendant Union's conduct is arguably prohibited under 29 U.S.C. §158(b)(4)(ii)(B) which establishes that it is an unfair labor practice for a labor organization or its agents to threaten, coerce or restrain any person engaged in commerce or in an industry affecting commerce where the object is to cease doing business with the any other person. §158(b)(4)(ii)(B) has been interpreted to prohibit "union conduct designed to force a primary employer (the employer with which the union has a dispute) to bargain with a union or to force a neutral employer (an employer with which the union has no dispute) to cease doing business with the primary employer." *Limbach Co. v. Sheet Metal Workers Int'l Ass'n, AFL-CIO,* 949 F.2d 1241, 1249 (1st Cir. 1991); *see also Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. and Constr. Trades Council,* 485 U.S. 568 (1988)(applying §158(b)(4)(ii)(B) to a case involving a secondary union).  A violation of §158(b)(4)(ii)(B) requires more than mere persuasion, a showing must be made of threats, coercion or restraint. *DeBartolo,* 485 U.S. at 578.

In this case, Plaintiff alleges that the Union "commenced a campaign to harass and destroy Plaintiff." (First Amended Complaint ¶ 40). This conduct could arguably be threatening or coercive and not merely persuasive. Because the Union's conduct could be considered coercive, it is arguable that it is prohibited under §158(b)(4)(ii)(B).

## STATUTORY EXCEPTIONS TO *GARMON*

In addition to *Garmon,* there are also statutory exceptions to federal preemption of claims regulated by that National Labor Relations Board. 29 U.S.C. §187 provides that anyone who is injured in business or property by a violation of §158(b)(4) may sue in any district court of the United States, or in any other court having jurisdiction over the parties. The Union's conduct arguably falls under §158(b)(4)(ii)(B) and this court has jurisdiction over the parties. Therefore, although the Plaintiff's did not rely on §187 in its arguments, this statute is instructive. Because the Union's conduct is arguably prohibited by §158(b)(4), §187 allows this Court to have jurisdiction, and therefore this case is not preempted by federal law.

## CONCLUSION

The Plaintiff pleads sufficient facts to show a violation of 29 U.S.C. §158(b)(4) and a statutory exception to federal preemption under 29 U.S.C.§187. Therefore, Defendant Service Employee International Union Local 105's Motion to Dismiss First Amended complaint is **DENIED.**

**SO ORDERED** this 9th day of March, 2011.

BY THE COURT

*Sheila A. Rappaport*

Sheila A. Rappaport
District Court Judge