IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00703-CMA-MEH

CARNATION BUILDING SERVICES, INC.,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DEPARTMENT OF AVIATION,
KIM DAY,
RUTH RODRIGUEZ,
APRIL HENDERSON, in all capacities, and
SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 105,

    Defendants.

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO REMAND

This matter is before the Court on Plaintiff's Amended Motion to Remand (Doc. # 13). Plaintiff requests that the Court remand this case to State District Court, City and County of Denver, Colorado, arguing that the Notice of Removal (Doc. # 1) filed by Defendant Service Employees International Union, Local 105 ("Defendant") was untimely. For the following reasons, Plaintiff's Motion is denied.

### I. BACKGROUND

Plaintiff originally brought this lawsuit in state court. Plaintiff's First Amended Complaint, filed on October 15, 2010, alleged that Plaintiff had entered into a contract with the City and County of Denver to provide window cleaning services and that

Defendant subsequently "commenced a campaign to harass and destroy Plaintiff by filing various charges with the National Labor Relations Board"). (Doc. # 1-1, ¶ 40 (hereinafter "Amended Complaint.")) Plaintiff brought three claims against Defendant: (1) negligent interference with a contractual relationship, (2) intentional interference with prospective economic advantage, and (3) civil conspiracy and/or concert of action. (Amended Complaint at 10-13.) Defendant moved to dismiss on the grounds that the state law claims asserted against it were preempted by federal law because the alleged conduct is regulated by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq*. The state district court denied the motion on March 9, 2011, concluding that Plaintiff's claims were not preempted because Plaintiff had pleaded "sufficient facts to show a violation of 29 U.S.C. § 158(b)(4) and a statutory exception to federal preemption under 29 U.S.C. § 187." (Doc. # 4 at 3.)

Twelve days after the state court order was issued, Defendant filed a Notice of Removal, asserting that "[t]he [state] Court order was the first time that a federal claim against any defendant could be ascertained." (Doc. # 1.)

## II. STANDARD OF REVIEW

For a case to be removable from state court, the federal court must have jurisdiction. *See* 28 U.S.C. § 1441 (generally identifying removable actions). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

2

removed by the defendant . . . ." 28 U.S.C. § 1441(a).  Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331 (10th Cir.1982).

A state court defendant is required to file a notice of removal within thirty days after receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*Id.*  The thirty day clock begins to run only after a state court defendant has "clear and unequivocal notice" that the action is removable.  *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) ("If [§ 1446(b)] is going to run, the notice ought to be unequivocal.") (internal quotation and citation omitted).  A removing party is not obligated to "investigate and determine removability where the initial pleading indicates that the right to remove **may** exist." *Akin*, 156 F.3d at 1036 (emphasis in original).  A party that actively invokes the jurisdiction of a state court and raises a "defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove." *Id.*

### III. ANALYSIS

The issue in this case concerns the timeliness of removal, *i.e.*, when Defendant possessed "clear and unequivocal notice" that the action was removable.[1] Plaintiff contends that Defendant could have ascertained that the action was removable as soon as it was served with the Amended Complaint. Defendant argues that removal only became ascertainable after the state court order was issued. Upon review of the Amended Complaint and the pleadings underlying Defendant's state court motion to dismiss, the Court finds that this case only became clearly and unequivocally removable after the state court order denied Defendant's motion to dismiss. Accordingly, Defendant's removal notice was timely because it was filed twelve days after Defendant ascertained that the action was removable.

The state court cited Plaintiff's allegation that Defendant Union had "commenced a campaign to harass and destroy Plaintiff" as basis for its conclusion that Plaintiff had sufficiently pleaded a federal claim. 29 U.S.C. § 158(b)(4)(ii)(B) establishes that it is "an unfair labor practice for a labor organization or its agents . . . to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce . . . [in order to] forc[e] or requir[e] any person to . . . cease doing business with any other person." Any activity or conduct by a labor organization that is defined as an unfair

---

[1] There is no dispute that an action alleging violations of 29 U.S.C. § 187(a) raises a federal question implicating this Court's original jurisdiction. Section 187(b) provides that a party injured by a violation of subsection (a) "may sue therefor in any district court of the United States . . . ."

labor practice by §158(b)(4) is unlawful.  29 U.S.C. § 187.  The state court found that a campaign to harass and destroy Plaintiff was arguably threatening or coercive, thus implicating federal law.  Plaintiff, thus, argues that "the Amended Complaint stated claims that **may** involve federal statutes."  (Doc. # 13 at 4, emphasis added.)

A complaint that raises the possibility of federal law does not provide a defendant with clear and unequivocal notice of its ability to remove.  See *Whittenburg v. City of Aurora*, No. 07-cv-0745, 2007 WL 1346593, at *2 (D. Colo. May 7, 2007) (finding that a complaint bringing a constitutional due process claim did not provide unequivocal notice because both the Colorado and federal constitutions include a due process clause and the complaint made no reference to 42 U.S.C. § 1983).  The Amended Complaint never referred to federal law, let alone to 29 U.S.C. § 158(b)(4) or § 187.  The claims asserted against Defendant were grounded in state law.  In its response to Defendant's motion to dismiss, Plaintiff repeatedly argued that the Amended Complaint alleged only state tort law claims.  Although the state court found that Plaintiff had alleged a violation of 29 U.S.C. § 158(b)(4), this claim did not clearly and unequivocally appear on the face of the Amended Complaint.  As acknowledged by the state court, "Plaintiff's [sic] did not rely on § 187 in its arguments . . . ."  (Doc. # 4.)

It is arguable that Defendant could have discerned that Plaintiff's Amended Complaint raised the possibility of a § 187 action.  However, the mere possibility of a federal claim is not sufficient for removal, nor does it impose a duty on Defendant to investigate further.  *Akin*, 156 F.3d at 1036.  Given the fact that § 187 was mentioned

for the first time in the state court order, Defendant did not possess clear and unequivocal notice that the action was removable prior to the state court order.

Plaintiff also argues that "Defendant Union was aware that the claims presented more than a colorable basis for removal" because Defendant's state court motion to dismiss raised federal preemption as a defense. (Doc. # 13 at 3.) This is legally incorrect. It is "long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Thus, raising a federal defense to a state law claim does not mean that the case may be removed.[2] As the Supreme Court has explained, "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metro Life Ins. Co.*, 481 U.S. at 63; *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) ("Even if preemption forms the very core of the litigation, it is insufficient for removal."). Therefore, the fact that Defendant raised a federal

---

[2] The lone exception to the well-pleaded complaint rule – complete preemption – is inapplicable to this case. Defendant's state court motion to dismiss asserted that Plaintiff's claims were preempted by the NLRA. In *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959), the Supreme Court held that state action is preempted in cases where the conduct is regulated by the NLRA. "*Garmon* preemption does not provide a basis for removal jurisdiction." *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1165 (10th Cir. 2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 (1987) ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA [pursuant to *Garmon*] does not establish that they are removable to federal court.").

preemption defense in its state court motion to dismiss did not mean that Defendant had ascertained that the case was removable.

## IV. **CONCLUSION**

Accordingly, it is ORDERED that Plaintiff's Motion to Remand to State District Court (Doc. # 13) is DENIED.  Each party shall bear their own costs and fees associated with this motion.

DATED:  April   26  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge