IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00703-CMA-MEH

CARNATION BUILDING SERVICES, INC.,

       Plaintiff,

v.

APRIL HENDERSON, and
SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 105,

       Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

       The Defendants have filed a Motion for Attorney's Fees  [filed January 13, 2012; docket #51], and it has been referred to me for recommendation [docket #58].[1]  I find that Defendants are entitled to fees under the statute and, therefore, RECOMMEND that the District Court **grant in part** the Motion.[2]  I further recommend that Defendant April Henderson be dismissed.

---

       [1]Pursuant to Fed. R. Civ. P. 54(d)(2)(D), the District Court may refer a motion for attorney's fees to a Magistrate Judge under Fed. R. Civ. P. 72(b) as if it were a dispositive pretrial matter.

       [2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff alleged in this case that the City and County of Denver solicited bids for a window cleaning project at Denver International Airport.  Plaintiff submitted a bid that was accepted. Thereafter, Plaintiff engaged in tasks associated with preparing for the project, including obtaining a performance bond and liability policies, ordering several trucks, and meeting with Defendants. Plaintiff went so far as to sign a contract for the project, although it was not signed by Defendants. The City and County of Denver subsequently terminated its relationship with Plaintiff and reopened the bidding, later awarding the contract to a Danish company.

District Judge Christine Arguello dismissed this action in its entirety as against the "Denver" Defendants: The City and County of Denver, Kim Day, and Ruth Rodriguez.[3]  (Docket #50.)  In so doing, she noted that four of Plaintiff's nine claims in this case were torts: misrepresentation (third cause of action); negligent interference with a contractual relationship (sixth cause of action); intentional interference with prospective advantage (seventh cause of action); and civil conspiracy (eighth cause of action).  (*Id.* at 20.)  Judge Arguello dismissed those four claims on either Fed. R. Civ. P. 12(b)(1) (subject matter jurisdiction) or 12(b)(6) (failure to state a claim) grounds.  (*Id.* at 23-24.)  Defendants now move for fees under Colo. Rev. Stat. § 13-17-201: "In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other person, where such action is dismissed on motion of the defendant prior to trial under rule 12(b) . . ., such defendant shall have judgment for his reasonable attorney fees in defending the action."  Defendants requested fees from Judge Arguello, which she denied without prejudice based on the correct statement that "Colo. Rev. Stat. § 13-17-201 does not allow for an award of attorney fees for

---

[3]Defendant April Henderson, who was a Denver employee at the time of the relevant events in this case but who has apparently moved out of state, has never been served.  Plaintiff made the representation in Dockets ## 48 & 49 that in the event the other Denver Defendants are dismissed, "the Plaintiff will not proceed against Henderson."  In Docket # 52, Judge Arguello gave the Plaintiff until February 29, 2012, to serve Henderson (despite Plaintiff's representations that it would not pursue Henderson).  That time has passed.

dismissal of claims that were plead in contract . . . ." (Docket #50 at 24.) She granted leave to Defendants to refile a petition for fees if Defendants could "demonstrate[] that they are entitled to such fees." (*Id.*) They have done so in the current Motion.

The crux of the parties' dispute here is whether, in a 12(b) dismissal of a contract case (which this is in part and perhaps even in principal) that includes some business-type torts, the Court may award section 13-17-201 fees. I have reviewed the law supplied by the parties and am persuaded that the Court *must* award such fees, relying largely on the analysis in *Torres v. American Family Mut. Ins. Co.*, 606 F. Supp.2d 1286 (D. Colo. 2009). There, Judge Krieger confronted this same issue and held that a Rule 12(b) dismissal of all claims against a defendant, when the case included mixed contract and business-type tort claims, justifies an award of fees. I, like Judge Krieger, believe that the only Colorado case directly on point, *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 606 (Colo. App. 2008), supports an award of fees here. I also find noteworthy Judge Krieger's statement that such a finding "makes the plaintiff the master of his pleading: if the plaintiff chooses to plead claims in tort, he runs the risk of C.R.S. § 13-17-201 applying; if he wishes to avoid the application of the statute, he must refrain from pleading tort claims." *Id.* at 1291.

Judge Krieger acknowledged apparent contrary authority in *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 2006 WL 1991756 (D. Colo. July 14, 2006), in which District Judge Robert Blackburn held that Section 13-17-201 does not apply in a contract action involving a single business tort claim, which Judge Blackburn in that situation characterized as "little more than an after-thought to the main contract claims." *Id.* at *2. The same cannot be said for the tort claims here, which are substantial, which comprise nearly half the claims in the case, and which permitted Plaintiff to sue individually named governmental employees as defendants. Such employees are named only in the four tort claims. Judge Blackburn found that legislative intent would be frustrated

by allowing fees in the case before him, stating that an "overly literal interpretation of the statute [would] impermissibly . . . 'exalt form over substance without advancing any public policy interest, and would lead to an absurd and illogical result.'" *Id.* (citation omitted). Again, I do not believe the same is true here. When public employees are sued in tort, it is a consequential matter. *See, e.g., Finnie v. Jefferson County School Dist. R-1*, 79 P.3d 1253, 1261 (Colo. 2003). When they vindicate their actions through dismissal of *all* tort claims against them under Rule 12(b), it would serve an important public policy interest to apply the fee-shifting statute. The presence of vastly more significant tort claims, and the inclusion of individually named public servants as defendants, distinguish this case from *AST*.

Plaintiff does not challenge the reasonableness of the fees. Defendants seek $4,500.00. I find that amount reasonable as well. However, in another Order issued today, I grant Plaintiff leave to file a Second Amended Complaint against the City and County of Denver containing a single claim against that entity, promissory estoppel. Thus, the City and County of Denver will remain a Defendant in this case. As I read Judge Krieger's opinion, attorney's fees are not appropriate unless a defendant against whom tort claims were brought has been dismissed entirely from the case. "Similarly, although the statute speaks of an 'action' being dismissed, the 10th Circuit has interpreted that language to permit an award of fees in circumstances where all claims against a single defendant are dismissed on Rule 12 grounds, even though claims continue against other defendants." *Torres*, 606 F. Supp.2d at 1287 (citation omitted). *See also Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996) ("We conclude, however, that because the entire action as to the Town had been dismissed, the Town is not precluded from obtaining its reasonable attorney fees under § 13-17-201."). An argument could be made under the Tenth Circuit opinion in *Jones v. Denver Post Corp.*, 203 F.3d 748 (10th Cir. 2000) that if all tort claims against

any particular defendant are dismissed on Rule 12(b) grounds, fees are appropriate for that defendant under the statute. *See id.* at 757 ("Because the district court dismissed Turner's 'personal injury' action on a Rule 12(b) motion, the court properly awarded her fees."). However, that is not consistent with *Smith* and, therefore, the more prudent course here is to exclude the City and County of Denver from the fee award. Thus, the award should be reduced by one-third to $3000.00.

Accordingly, I RECOMMEND that the District Court **grant in part** Defendants' Motion for Attorney's Fees [filed January 13, 2012; docket #51] and award $3000.00 for the dismissal of Defendants Rodriguez and Day.

Finally, Defendant April Henderson has never been served in this case, which Judge Arguello recognized in Docket # 47. In Dockets ## 48 & 49, Plaintiff stated that in the event the other Denver Defendants are dismissed, it will not pursue April Henderson. Moreover, Judge Arguello gave Plaintiff until February 29, 2012 to serve Henderson. There is no record of service having been made and, in any event, I believe Plaintiff has waived any right to pursue Henderson in this case. Further, Plaintiff does not attempt to name Defendant Henderson in the proposed Second Amended Complaint. (*See* docket #56-1.) Accordingly, I RECOMMEND that the District Court **dismiss** Defendant April Henderson from this lawsuit without prejudice.

Dated at Denver, Colorado, this 2nd day of March, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge