IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00703-CMA-MEH

CARNATION BUILDING SERVICES, INC.,

    Plaintiff,

v.

APRIL HENDERSON, and
SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 105,

    Defendants.

## ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Amended Motion for Leave to File Second Amended Complaint and Proposed Second Amended Complaint [filed February 3, 2012; docket #56]. "Defendants"[1] City and County of Denver, Department of Aviation, Kim Day, and Ruth Rodriguez (self-described "Denver Defendants") have submitted a response in opposition to the Motion. (Docket #61.)   Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a reply from Plaintiff.  Oral argument would not materially assist the Court in adjudicating the Motion.  For the reasons set forth below, Plaintiff's Motion is **granted**.

**I.**     **Background**

Plaintiff alleged in this case that the City and County of Denver solicited bids for a window cleaning project at Denver International Airport.  Plaintiff submitted a bid that was accepted. Thereafter, Plaintiff engaged in tasks associated with preparing for the project, including obtaining

---

[1] Pursuant to Judge Arguello's Order Granting Defendants' Motion to Dismiss, these entities and individuals are no longer named as defendants.  (Docket #50.)

a performance bond and liability policies, ordering several trucks, and meeting with the Denver Defendants. Plaintiff went so far as to sign a contract for the project, although it was not signed by the Denver Defendants. The Denver Defendants subsequently terminated their relationship with Plaintiff and reopened the bidding, later awarding the contract to a Danish company.

District Judge Christine Arguello dismissed this action in its entirety as against the Denver Defendants.[2] (Docket #38.) Plaintiff's fourth claim, promissory estoppel, was dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). (*Id*. at 24.) Although Judge Arguello noted several deficiencies with the claim as pled, she found that "amendment of [the promissory estoppel] claim would not be futile[.]" (*Id*. at 19.)

Following Judge Arguello's Order, Plaintiff moved for leave to file a second amended complaint on January 31, 2012. (Docket #53.) The Court denied Plaintiff's motion without prejudice for failure to comply with D.C. Colo. LCivR 7.1A. (Docket #55.) After conferring with counsel for the Denver Defendants, Plaintiff filed this Amended Motion seeking the same relief. (Docket #56.) In their response, the Denver Defendants argue that the proposed amendment is unduly delayed and is based on information Plaintiff knew or should have known at time it filed its original complaint and first amended complaint. The Court will address these arguments below.

**II.   Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend

---

[2]Defendant April Henderson, who was a Denver employee at the time of the relevant events in this case but who has apparently moved out of state, has never been served. Plaintiff made the representation in Dockets ## 48 & 49 that in the event the other Denver Defendants are dismissed, "the Plaintiff will not proceed against Henderson." In Docket # 52, Judge Arguello gave the Plaintiff until February 29, 2012, to serve Henderson (despite Plaintiff's representations that it would not pursue Henderson). That time has passed. The Court has recommended that Henderson be dismissed.

its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

First, the Denver Defendants argue that the Court should deny Plaintiff's Motion because the proposed amendment is unduly delayed. Defendants note that Plaintiff received what amounted to a ninety (90) day extension of time to file its first amended complaint, and that Plaintiff waited over a month after Judge Arguello's Order dismissing the first amended complaint before attempting to file a second amended complaint.

While the Court agrees that the proposed amendment is untimely, it does not find that it is unduly delayed. Although Plaintiff does not provide a specific reason why it failed to include specific facts regarding the contract in its first amended complaint, it does not appear the omission was made in bad faith. It is more likely that Plaintiff did not know that such facts would be necessary until Judge Arguello's determination that the pleadings were insufficient. Plaintiff's attempt to file a second amended complaint approximately a month later is not sufficiently delayed to warrant a departure from the liberal standard for amendment of pleadings set forth in Rule 15(a).

The Denver Defendants also contend that Plaintiff knew or should have known of the proposed facts at the time it filed its original complaint, and that Plaintiff's failure to include them previously should bar their addition now. Somewhat inconsistently, Defendants also assert that the proposed additional paragraphs have been re-worded but remain "essentially the same" as those contained in the original and first amended complaints. (Docket #61, ¶ 5.) The Court disagrees.

In denying Plaintiff's fourth claim without prejudice, Judge Arguello first found that the

Amended Complaint "fail[ed] to identify any specific promises made by any defendant." (Docket #50 at 17.) In response, the proposed Second Amended Complaint [docket #56-1] contains the following allegations that may be construed as promises:

1. On April 21, 2008, Denver informed Plaintiff it was the successful bidder (¶ 13), stating that Plaintiff's bid was "'fair, equitable and in the best interest of the City and County of Denver'" (¶ 34).

2. On April 28, 2008, at a meeting at Denver International Airport requested by Katherine Chavez, Plaintiff was shown where its offices would be (¶ 19).

3. On April 28, 2008, Denver informed Plaintiff that its start date would be June 15, 2008 (¶ 20).

4. On April 28, 2008, Denver directed Plaintiff to commence work on June 15, 2008 (¶ 21).

5. Denver required Plaintiff to purchase a performance bond and certain equipment needed to perform the contract, under threat of enforcing the bond (¶ 28). The required purchase of equipment included two F250 Crew Cabs (¶ 37).

The Court finds these are sufficiently specific to permit the proposed amendment.

Second, Judge Arguello quoted the following portion of the contract: "This Contract is expressly subject to, and shall not become effective or binding on the City, until it is approved by Denver's City Council and fully executed by all signatories of the City and County of Denver." (Docket #50 at 19.) Judge Arguello noted that "this express disclaimer would preclude a promissory estoppel claim based on any promises contained in the Contract itself. However, the disclaimer would not necessarily bar recovery on a promissory estoppel claim predicated on any promises made outside of the Contract[.]" (*Id.* at 19.) Relevant to this statement, Plaintiff' proposed Second Amended Complaint alleges that Plaintiff investigated whether it should contact City and County of Denver officials in order to make sure the contract goes through, and that it was informed by Mary Buckley that Plaintiff "did not need a lobbyist [but] that she was the liaison to City Council. Plaintiff was advised to refrain from contacting any City Council members . . . ." (Docket #56-1 at

¶ 41.) This may be fairly construed as alleging that Denver induced Plaintiff to refrain from making contacts that may have resulted in the contract not being rescinded, a theory which I believe further supports Plaintiff's promissory estoppel claim.

Because Plaintiff's proposed amendment is not unduly delayed and, as Judge Arguello determined, would not be futile, the Court finds that justice requires leave to amend. *See* Fed. R. Civ. P. 15(a).

### III.    Conclusion

For the reasons stated above, Plaintiff's Amended Motion for Leave to File Second Amended Complaint and Proposed Second Amended Complaint [filed February 3, 2012; docket #56] is **granted**. The Clerk of the Court is directed to file Plaintiff's Second Amended Complaint, which is attached to Plaintiff's motion as exhibit 1 [docket #56-1]. In the interest of judicial efficiency and maintaining a consistent docket, the Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated in Denver, Colorado, this 2nd day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge