**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00703-CMA-MEH

CARNATION BUILDING SERVICES, INC.,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER

    Defendant.

---

**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1367(C) AND FED. R. CIV. P. 12(B)(1) AND (2)**

---

This matter is before the Court on Defendant City and County of Denver's ("Denver") Motion to Dismiss Plaintiff Carnation Building Services, Inc.'s Second Amended Complaint Pursuant to 28 U.S.C. § 1367(c) and Fed. R. Civ. P. 12(b)(1) and (2) (Doc. # 73). Although the Court agrees with Defendant that the Court lacks jurisdiction, the Court will remand this case to state court, and Defendant's Motion is therefore denied as moot.

## I. DISCUSSION

On October 15, 2010, Plaintiff filed its first amended complaint in state court, alleging various claims against Denver, three named individuals, and the Service Employees International Union, Local 105 ("SEIU"). (Doc. # 1-1.) On March 21, 2011, SEIU removed the action from state court pursuant to 28 U.S.C. §1446. (Doc. # 1.)

After the case was removed, Denver and the three individual defendants filed a Motion to Dismiss on December 3, 2010 (Doc. # 38), which the Court granted on December 29, 2011.  (Doc. # 50.)  On January 31, 2012, Plaintiff filed a Second Amended Complaint, alleging claims against Denver and SEIU.  (Doc. # 64.)  On August 10, 2012, Plaintiff filed a stipulation for dismissal of SEIU, and this Court subsequently dismissed all claims against SEIU.  (Doc. ## 70, 72.)  With the dismissal of SEIU from the action, all federal claims have been dismissed.

The Court has discretion to dismiss or remand the case upon dismissal of all claims over which it has original jurisdiction.  *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (holding that district courts have discretion to dismiss or remand cases to state court after federal claims have been dismissed and only pendant state law claims remain), *superseded by statute*, 28 U.S.C. § 1367(c)(3) (enacted 1990) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction").  Because all of the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.

When determining whether to remand or dismiss, the Court may look to factors including judicial economy, procedural convenience, fairness to litigants, and comity to the States.  *See Carnegie-Mellon*, 484 U.S. at 353; *see also White v. Denny's Inc.*, 918 F.Supp. 1418, 1430 (D.Colo. 1996) (remanding state law claims to state court after dismissal of the federal claims, citing judicial economy and fairness to litigants).

A dismissal, as opposed to a remand, would require the parties to refile the case in state court, adding expense while unnecessarily delaying the resolution of the pending state law claim.  For these reasons, judicial economy and fairness to the litigants weigh in favor of remand over dismissal.  Therefore, since the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, the Court remands the case to the District Court for the City and County of Denver.  As such, the instant Motion to dismiss for lack of jurisdiction is denied as moot.

## II.  CONCLUSION

For the foregoing reasons, it is ORDERED that this action be REMANDED to the District Court for the City and County of Denver, Colorado.

It is further ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 73) is DENIED AS MOOT.

It is further ORDERED that the parties shall bear their own fees and costs.

DATED:  October   16  , 2012

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge